IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| U.S. WIRELESS CORPORATION, INC., | : | Case No. 01-10262 |
| WIRELESS LOCATION TECHNOLOGIES, INC., | : | through 01-10264 (CSS) |
| AND WIRELESS LOCATION SERVICES, INC., | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| _____ | : | |
| | : | |
| NEERAJ BHATNAGAR, | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | |
| | : | |
| THE LIQUIDATING TRUST OF U.S. | : | |
| WIRELESS CORPORATION, INC. *ET AL.* | : | Case No. 06-cv-00021-GMS |
| | : | |
| Appellee. | : | |
| _____ | : | |

## STATUS REPORT

Appellee, the Liquidating Trust ("Appellee" or the "Trust") of U.S. Wireless Corporation, Inc., Wireless Location Technologies, Inc. and Wireless Location Services, Inc. (the "Debtors"), by and through the undersigned counsel, at the request of the Court, hereby files this Status Report.

## BACKGROUND

1.      On August 29, 2001 (the "Petition Date"), the Debtors filed separate voluntary petitions for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"). On June 10, 2003, the Bankruptcy Court entered an order (the "Confirmation Order") confirming the *Second Amended Consolidated Chapter 11 Plan of Liquidation of the Debtors* (the "Plan"). Pursuant to the Plan, the Debtors' estates were substantively consolidated and all rights, title and interest

DEL1 64871-1

of the Debtors in all remaining assets, including causes of action, were transferred to the Trust. Executive Sounding Board Associates, Inc. was appointed as Liquidating Agent for the Trust pursuant to the Plan and Confirmation Order. The Plan and The Liquidating Trust Agreement grant the Liquidating Agent authority to pursue all causes of actions of the Debtors.

2. On August 28, 2003, the Trust filed a Complaint (the "Complaint")[1] in the Bankruptcy Court against Neeraj Bhatnagar ("Bhatnagar"), a former employee of the Debtors, for the turnover and recovery of certain tax payments made on his behalf within a year of the Petition Date on stock he received as compensation (the "Stock Compensation"). In its Complaint, the Trust asserts that it is entitled to recover certain withholding taxes (the "Withholding Taxes") paid on behalf of Bhatnagar on the grounds of unjust enrichment, breach of contract, and avoidance and recovery of fraudulent transfers under the Bankruptcy Code and applicable California state law.

3. On August 1, 2005, Bhatnagar filed a *Motion for Judgment on the Pleadings Pursuant to Federal Rule of Bankruptcy Procedure 7012(b)* (the "Motion to Dismiss") seeking dismissal of the Complaint, asserting, *inter alia*, that the Trust could not recover the funds transferred to pay the Withholding Taxes, as said funds constituted "trust fund taxes" and therefore were not property of the Debtors' estates. In response, the Trust argued that the funds used to pay the Withholding Taxes were not "trust funds" as they were never collected or withheld from Bhatnagar's Stock Compensation. Instead, the Debtors paid Bhatnagar's Withholding Taxes out of the Debtors' own funds.

4. On November 23, 2005, the Bankruptcy Court issued an opinion denying Bhatnagar's Motion to Dismiss, stating: "[t]he Liquidating Trust has pleaded sufficient

---

[1] Adversary Proceeding No. 03-55654.

facts to state a claim for unjust enrichment, breach of contract, and fraudulent transfer under both state and federal law." (*Opinion*, p. 5-6.)

5. On November 23, 2005, Bhatnagar filed a Notice of Appeal of the Bankruptcy Court's order denying his Motion to Dismiss, on the ground that the Bankruptcy Court erred in holding that "[s]ince the Debtors never collected or withheld any money from Bhatnagar, no trust could have been created" and therefore "[t]he property belonged to the Debtors and is, therefore, potentially recoverable" in light of the ruling by the United States Supreme Court in *Begier*. (*Appellant's Designation of Record and Statement of Issues on Appeal*, p. 2; *The Liquidating Trust's Counter-Designation of Record and Statement of Issues on Appeal*, p. 2.)

6. The Trust asserts that this appeal is wholly without merit.

7. Pursuant to the Court's Standing Order Procedures To Govern Mediation Of Appeals From The United States Bankruptcy Court For This District, dated July 23, 2004 (the "Standing Mediation Order"), the instant appeal was referred to mediation. William H. Sudell, Jr. (the "Mediator") was appointed as mediator for this appeal.

8. The Trust worked in good faith to have the mediation scheduled before Mr. Suddell. However, the mediation date was continued on numerous occasions to accommodate Bhatnagar and his counsel.

9. On March 22, 2006, JSH filed a motion to withdraw as counsel in the underlying adversary proceeding pending in the Bankruptcy Court. On March 23, 2006, after notice and a hearing, the Bankruptcy Court granted the motion.

10. The Withdrawal Order specifically stated:

> *This Order does not affect the mediation scheduled for March 29, 2006 at 2:00 p.m. (the "Mediation") in the case of Neeraj Bhatnagar v. The Liquidating Trust of U.S. Wireless et al., Case No. 06-cv-00021-GMS, United States District Court for the District of Delaware….*

*Withdrawal Order*, ¶ 3. (Emphasis added.)  JSH also filed a motion to withdraw as counsel in this appeal, but was informed by the Court's chambers that JSH was no longer listed as counsel of record for Bhatnagar.

11. As previously stated, the mediation was re-scheduled several times; however, as the final mediation date approached, Bhatnagar never filed any position papers. At this point in time, Bhatnagar was no longer represented by counsel and advised the Trust that he would not be attending the mediation and did not wish to pursue this appeal. Based upon the foregoing the mediation was cancelled.

12. No activity has occurred in this appeal since the mediation was cancelled.

13. The undersigned counsel attempted to contact Bhatnagar, Mr. Rosner and Ms. Pollack regarding the status of this appeal. Mr. Rosner, no longer as JSH, confirmed that Bhatnagar did not retain his new firm to prosecute this appeal. Ms. Pollack asserted that she attempted to withdraw as counsel from this appeal, but the District Court informed her that Mr. Rosner is still counsel of record. The undersigned was not successful in making contact with Bhatnagar.

14. The Trust believes that this appeal should be dismissed for lack of prosecution.

Dated: October 23, 2006

KLEHR, HARRISON, HARVEY,
BRANZBURG & ELLERS LLP

By:  /s/ Christopher A. Ward
Joanne B. Wills (#2357)
Richard M. Beck (#3370)
Christopher A. Ward (#3877)
919 Market Street, Suite 1000
Wilmington, DE 19801-3062
(302) 426-1189
(302) 426-9193 (fax)

Counsel to the Liquidating Trust of
U.S. Wireless Corporation, *et al.*