# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| U.S. WIRELESS CORP., et al., | : | Case No. 01-10262 (CSS) |
| Debtors. | : | |
| NEERAJ BHATNAGAR, | : | Civil Action No. 06-21 GMS |
| Appellant, | : | |
| v. | : | **Oral Argument Requested** |
| LIQUIDATING TRUST OF U.S. WIRELESS CORP., et al., | : | |
| Appellees. | : | |

## OPENING BRIEF OF APPELLANT

DUANE MORRIS LLP
Frederick B. Rosner (DE 3995)
1100 N. Market Street
Suite 1200
Wilmington, DE 19801
(302) 657-4900
(302) 657-4901
Email: fbrosner@duanemorris.com

*Counsel to Appellant Neeraj Bhatnagar*

DM3\479446.1

# TABLE OF CONTENTS

**Page**

STATEMENT OF JURISDICTION ..................................................................................1

STATEMENT OF THE ISSUE ON APPEAL AND STANDARD OF REVIEW ........................1

    Issues on Appeal ......................................................................................................1

    Standard of Review ..................................................................................................1

STATEMENT OF THE CASE ..........................................................................................2

    A.    Nature and Stage of Adversary Proceeding ...............................................2

    B.    The Bankruptcy Court's Memorandum Opinion .......................................4

SUMMARY OF THE ARGUMENT ..................................................................................5

ARGUMENT ..................................................................................................................6

    I.    The Bankruptcy Court Erred in Finding That Withholding Taxes "Belonged To The Debtors" ..................................................................................6

        A.    Withholding Taxes Are Trust Fund Taxes That Do Not Belong to the Debtor ..................................................................................6

        B.    The Supreme Court's Decision in Begier v. IRS is Controlling ..................................................................................................6

        C.    The Bankruptcy Court's Decision .............................................................11

CONCLUSION ................................................................................................................12

# TABLE OF AUTHORITIES

## CASES

American Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76
(3d Cir. 1999) ..................................................................................................................1, 2

Begier v. IRS, 496 U.S. 53, 100 S. Ct. 2258, 110 L. Ed. 2d 46 (1990) ......................................5, 6

Begier v. IRS, 878 F.2d 762 (3d Cir. 1989), aff'd, 496 U.S. 53 (1990) ......................7, 10, 11, 12

City of Farrell v. Sharon Steel Corporation, et al., 41 F.3d 92 (3d Cir. 1994) ..........................6, 11

In re Lenox Healthcare, Inc., 343 B.R. 96 (Bankr. D. Del. 2006) ..................................................11

Official Comm. of Unsecured Creditors v. Guardian Ins. & Annuity Co., 287
B.R. 41 (Bankr. D. N.J. 2002), citing Begier v. IRS, 496 U.S. 53 (1990) ........................6

In re Perma Pacific Properties, 983 F.2d 964 (10th Cir. 1992) ......................................................1

Raven Media Inv., LLC, 2004 U.S. Dist. LEXIS 2425 (citing Mellon Bank, N.A.
v. Metro Communications, Inc., 945 F.2d 635, 642 (3d Cir. 1991)) ..............................2

## STATUTES

11 U.S.C. § 544(b) ..........................................................................................................................5

28 U.S.C. § 158(a) ..........................................................................................................................1

28 U.S.C. § 7501 ...................................................................................................................8, 9, 10

Neeraj Bhatnagar files this Brief as Appellant, and is referred to herein as Appellant or Defendant. The Liquidating Trust of U.S. Wireless Corporation, Inc., Wireless Location Technologies, and Wireless Location Services, Inc. is referred to as Plaintiff or Appellee.

## STATEMENT OF JURISDICTION

This Court has jurisdiction of this appeal under 28 U.S.C. § 158(a). See American Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 80 (3d Cir. 1999).

## STATEMENT OF THE ISSUE ON APPEAL AND STANDARD OF REVIEW

*Issues on Appeal*

The issue on appeal is as follow:

1.      Whether the Bankruptcy Court erred in determining that withholding taxes "belonged to the Debtors" ( **Exhibit A** at p. 13) and therefore are potentially recoverable by Plaintiff.

*Standard of Review*

Under the applicable standard of review, the Bankruptcy Court's determination that withholding taxes "belonged to the Debtors" (Docket No. 28 at p. 13) and therefore are potentially recoverable should be reversed in its entirety. Pursuant to Rule 8013 of the Bankruptcy Rules, on appeal, the District Court may affirm, modify or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. In an appeal from a bankruptcy proceeding, the District Court sits as an appellate court and applies the same standard of review as those governing appellate review in other cases. In re Perma Pacific Properties, 983 F.2d 964, 966 (10th Cir. 1992). In reviewing an order of the bankruptcy court, this Court applies: (i) a clearly erroneous

standard of review to the bankruptcy court's findings of fact, see Am. Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 80 (3d Cir. 1999), and (ii) a plenary standard to the bankruptcy court's legal conclusions. Id. If there are mixed questions of law and fact, the Court accepts the bankruptcy court's "finding of historical or narrative facts unless clearly erroneous, but exercises 'plenary review of the [bankruptcy] court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'" Raven Media Inv., LLC, 2004 U.S. Dist. LEXIS 2425, at *6 (citing Mellon Bank, N.A. v. Metro Communications, Inc., 945 F.2d 635, 642 (3d Cir. 1991)). In reviewing bankruptcy court decisions, district courts further take into consideration the fact that the United States Court of Appeals for the Third Circuit effectively reviews bankruptcy court opinions on a de novo basis. Id. at *7-8.

Under this standard, the Bankruptcy Court's determination, whether legal, factual or a mixture of law and fact, that the withholding taxes "belonged to the Debtors" and therefore are potentially recoverable, should be reversed.

## STATEMENT OF THE CASE

### A.   *Nature and Stage of Adversary Proceeding*

U.S. Wireless Corporation, Inc., Wireless Location Technologies, Inc., and Wireless Location Services, Inc. (collectively, the "Debtors") filed their respective petitions for relief under chapter 11 of the Bankruptcy Code on August 29, 2001 (the "Petition Date"). On June 10, 2003 this Court entered an order (the "Confirmation Order") confirming the Debtors' Second Amended Consolidated Chapter 11 Plan of Liquidation (the "Plan"). The Plan became effective on June 25, 2003 (the "Effective Date").

The Appellant is a former employee of the Debtors who received certain Stock Options (the "Stock Options") and/or restricted shares (the "Restricted Shares", and, together with the Stock Options, referred to as the "Stock Rights") pursuant to a certain Option Agreement with the Debtors dated June 23, 1997. A true and correct copy of the Option Agreement is attached hereto as **Exhibit B**. According to the Complaint, the Option Agreement was granted "[i]n order to provide an incentive to key management employees whose services were important to the success of the Debtor . . ." Complaint @ ¶3. Section 4 of the Option Agreement provides, in relevant part, that the "issuance of certificates for the Common Stock shall be made . . . without charge to the Optionee [Defendant] including, without limitation, any tax which may be payable in respect of the issuance thereof . . . ." See **Exhibit B** at ¶4. The sole exception to the Debtors' agreement to pay for all charges and taxes is if the Restricted Shares are issued to a person other than Appellant. Id. That exception does not apply because the Optionee under the Option Agreement was at all times the Appellant.

Plaintiff commenced this action nearly two years ago by Complaint dated August 28, 2003, a true and correct copy of which is attached hereto as **Exhibit C**. The Complaint acknowledges that the granting of the Stock Rights was a taxable event "requiring . . . the Debtors to withhold, applicable federal income, social security and Medicare taxes, and applicable State Income tax (collectively, the "Withholding Taxes") ...." Complaint @ ¶15. The Complaint further acknowledges that initially "the Debtors did not withhold the Withholding Taxes . . . ." Complaint @ ¶25. Recognizing that Withholding Taxes are trust find taxes (i.e., amounts held in trust by an employer for the benefit of taxing authorities), and that failure to remit Withholding Taxes to the proper

3

authority may result in personal liability or criminal sanctions being asserted against an employer's directors and/or officers, the Debtors remitted the "Withholding Taxes on the eve of bankruptcy in order to avoid any liability to the Debtors' officers and directors". Complaint @ ¶30. In fact, according to the Complaint, the directors and/or officers of the Debtors caused the Debtors to remit to various taxing authorities in excess of $1,200,000.00 one day prior to filing for bankruptcy relief, to pay past due withholding taxes. Complaint @ ¶28.

The Complaint fails to allege that the taxing authorities actually applied the payment as Plaintiff alleges and, in fact, the Withholding Taxes never were applied to reduce any tax liability owed by the Defendant. The Plaintiff seeks to recover the Withholding Taxes from Appellant not, upon information and belief, from the directors and/or officers who authorized and directed that the payments be made on the eve of bankruptcy to avoid their own personal liability.

**B.**     *The Bankruptcy Court's Memorandum Opinion*

By his Motion for Judgment on the Pleadings, Defendant sought, inter alia, dismissal of those counts in the Complaint predicated on a transfer of an interest of the Debtors in property. Defendant contended, as a matter of law, that the Debtors never had an interest in the Withholding Taxes because they were trust fund taxes paid in trust for the government to avoid personal liability attaching to the Debtors' directors and officers. Accordingly, Defendant sought dismissal of Counts III and IV of the Complaint because they seek the recovery of alleged fraudulent transfers. Count III of the Complaint is predicated on section 548 of the Bankruptcy Code, which provides in pertinent part, that "[t]he trustee may avoid any transfer of an interest of the debtor in property . . . that was made . . . within one year before the date of the filing of the petition . . ." (emphasis

4

added). Similarly, Count IV of the Complaint, that purports to incorporate California state fraudulent transfer law, states that "the trustee may avoid any transfer <u>of an interest of the debtor in property</u>" (<u>emphasis added</u>). <u>See</u> 11 U.S.C. § 544(b). To make out a *prima facia* case under either section 544(b) or 548(a), Plaintiff must prove that an interest of the Debtors in property was transferred. As described more fully below, Withholding Taxes are not property of the estate, and Counts III and IV cannot be proven as a matter of law.

In its Memorandum Opinion dated November 23, 2005 denying Appellant/Defendant's Motion for Judgment on the Pleadings, the Bankruptcy Court, in a conclusory fashion, stated that "[s]ince the Debtors never collected or withheld any money from Bhatnagar, no such trust could have been created ...[t]he property [i.e., the Withholding Taxes] belonged to the Debtors and is, therefore, potentially recoverable." **Exhibit A** @ p. 13.

## SUMMARY OF THE ARGUMENT

Withholding Taxes are not property of the estate. They are funds held in trust for the government. The Supreme Court's decision in <u>Begier</u> v. <u>IRS</u>, 496 U.S. 53, 100 S. Ct. 2258, 110 L. Ed. 2d 46 (1990) is controlling. The Withholding Taxes paid in this case did not "belong to the Debtor"; they were paid in trust for the benefit of the government. The trust is created by the Debtor's act of payment of the Withholding Taxes on the eve of the bankruptcy filing. The requisite nexus between the trust and the funds paid is established by the Complaint that states that the payment of the Withholding Taxes to the government was made voluntarily to avoid personal liability attaching to the Debtor's directors and officers.

5

## ARGUMENT

### I.
### The Bankruptcy Court Erred in Finding That Withholding Taxes "Belonged To The Debtors"

**A.**   *Withholding Taxes Are Trust Fund Taxes That Do Not Belong to the Debtor*

The issue presented in this appeal is whether the Bankruptcy Court erred in finding that the Withholding Taxes belong to the Debtor (i.e. are property of the Debtor's estate and therefore recoverable by a trustee). Appellant contends this finding is in error. It is axiomatic that "Debtors do 'not own an equitable interest in property . . . [they] hold [_] in trust for another,' and therefore funds held in trust are not "property of the estate.'" City of Farrell v. Sharon Steel Corporation, *et al.*, 41 F.3d 92 at *7 (3d Cir. 1994) (citation omitted). "It is well settled that for the avoiding powers to be invoked pursuant to sections 547 and 549, the property transferred must have been property of the estate." Official Comm. of Unsecured Creditors v. Guardian Ins. & Annuity Co., 287 B.R. 41, 45 (Bankr. D. N.J. 2002), citing Begier v. IRS, 496 U.S. 53 (1990).

**B.**   *The Supreme Court's Decision in Begier v. IRS is Controlling*

Appellant submits that the question whether trust fund taxes -- such as the Withholding Taxes at issue in this appeal -- that are collected, identified and voluntarily paid by the Debtors from pre-petition assets, see Complaint @ 15, 28 and 30, constitute property of the Debtor's estate capable of being recovered by a trustee has been answered in the negative by Begier v. IRS, 496 U.S. 53 (1990). In Begier, American International Airways, Inc. ("AIA") was delinquent in remitting certain trust fund taxes (e.g. FICA taxes) to the government. As an enforcement measure, the IRS required AIA to set up a segregated bank account for the trust fund taxes. During its slide into bankruptcy, AIA

6

paid its trust fund tax obligations to the IRS both from the segregated trust fund account and from its general operating account.

AIA's chapter 11 reorganization case failed and a chapter 7 trustee was appointed. When the trustee sought to recover all payments as preferences regardless from which account the remittance was made, the bankruptcy court allowed recovery only of the amounts paid from the general operating account, finding that such funds were property of the estate, and denied recovery of the payments made from the segregated account. The bankruptcy court in Begier found that "only where a tax trust fund is actually established by the Debtor and the taxing authority is able to trace funds segregated by the debtor in a trust account established for the purpose of paying the taxes in question would we conclude that such funds are not property of the debtor's estate. Begier at 55. The district court affirmed.

The Third Circuit on appeal reversed, holding that the pre-petition transfer of the withholding tax obligations, even if paid from AIA's general operating account, could not be avoided because "the act of payment of withholding taxes identifies those taxes as funds held in trust. As funds held in trust, these withholding taxes paid pre-petition are not property of the estate under § 541." Begier v. IRS, 878 F.2d 762, 770 (3d Cir. 1989) (emphasis added), aff'd, 496 U.S. 53 (1990).

On further appeal, the Supreme Court considered the issue whether the funds AIA transferred from its general operating account to the IRS were held in trust for the IRS. Id. at 59. The Supreme Court affirmed the Third Circuit, and held that funds transferred to the IRS from AIA's general operating account did not belong to AIA, were held in trust for the IRS and therefore not recoverable by the trustee.

7

DM3\479446.1

The Supreme Court's analysis began with the Internal Revenue Code, as follows:

> Whenever any person is required to collect or withhold any internal revenue tax from any other person and to pay over such tax to the United States, the amount of tax so <u>collected</u> or <u>withheld</u> shall be held to be a special fund in trust for the United States.

28 U.S.C. § 7501 (<u>emphasis added</u>); <u>Id.</u> at 60.

The Supreme Court observed that "the act of 'collecting' occurs at the time of payment . . . the employer's payment of wages in the case of FICA taxes." <u>Id.</u> The fact that the trust fund taxes were never placed in a segregated account or collected at an earlier point in time does not alter that result because "the limitation that the funds must 'have been held for payment' is satisfied, if the debtor is able to make the payments.'" <u>Id.</u> at 66. As the Supreme Court made clear, "[t]he mere fact that AIA neither placed the taxes it collected in a segregated fund nor paid them to the IRS does not somehow mean that AIA never collected the taxes ...." <u>Id.</u>

The Supreme Court concluded that a trust was created within the meaning of the applicable tax statutes at the moment the relevant wage payments were made from the employer/debtor to its employees. <u>Id.</u> at 61-62. The fact that the employer/debtor placed the taxes it collected and withheld in its general operating accounts (as opposed to placing them in a segregated fund or paying those particular dollars directly to the IRS) did not mean that it never collected or withheld the taxes in the first place. <u>Id.</u> Rather, the applicable tax statutes "create[d] a trust in an abstract 'amount' — a dollar figure not tied to any particular assets — rather than in the actual dollars withheld." <u>Id.</u> at 62. In

8

other words, "the bankruptcy trustee could not avoid any voluntary pre-petition payment of trust-fund taxes regardless of the source of the funds." Id. at 66.

The Supreme Court further reasoned that the segregation of funds is not a prerequisite to the creation of a trust, otherwise §7512 of the IRC, which permits the IRS to require a taxpayer to segregate funds, would be superfluous. Id. at 61. Moreover, requiring segregation of funds as a pre-requisite to the creation of a trust in favor of the government, would have profound consequences of the collectability of trust fund taxes by taxing authorities. The IRS would be at the complete mercy of the taxpayer. Taxpayers in financial distress could "create" additional working capital simply by not segregating trust fund taxes. As the Supreme Court stated, "[n]othing in §7501 indicates, however, that Congress wanted the IRS to the protected only insofar as dictated by the debtor's whim." Id.

The fact that a trust exists for the benefit of the IRS does not by itself put to rest the issue "whether the particular dollars that AIA paid to the IRS from its general operating accounts were property of the debtor." Id. at 62. The Supreme Court considered the issue whether it was necessary for a defendant to trace the withheld funds. To determine that issue, the Supreme Court reviewed the relevant legislative history that, literally read, provides that a bankruptcy trustee cannot "avoid any voluntary prepetition payment of trust-fund taxes regardless of the source of the funds." Id. at 66 (emphasis added). From the foregoing legislative history, the Supreme Court concluded that "the" debtor's act of voluntarily paying its trust-fund obligation . . . is alone sufficient to establish the required nexus between the 'amount' held in trust and the funds paid." Id. at 66-67. Based on the foregoing, the Supreme Court held that "AIA's payments of trust-

9

DM3\479446.1

fund taxes to the IRS from its general accounts were not transfers of 'property of the debtor,'" but were instead transfers of property held in trust for the Government..." Id. at 67.

In his concurring opinion in Begier, Justice Scalia noted that the Court did not need to decide whether the employer's "lack of immediate identification [of the withheld FICA taxes] mean[t] that no trust ar[o]se, or rather that [the tax statutes] create[d] some hitherto unheard-of floating trust in an unidentified portion of the [employer's] current or later-acquired assets" because the identification of the trust "was made by the [employer] when it wrote a check upon a portion of the designated fund to the Government." Id. at 71. "Even if no trust existed before that check was written, it [was] clear that a trust existed then." Id. Accordingly, "the designation of [the trust] res [from otherwise unencumbered assets did] not constitute a preference, and the funds paid were not part of the debtor's estate." Id.

The facts of present case falls well within the Begier ruling. The Complaint itself confirms that all of the requisite criteria are met. The trust for the benefit of the government was created because the Debtors were required by the Internal Revenue Code to withhold the Withholding Taxes, Complaint @ 15 and the Debtors simultaneously collected and paid the Withholding Taxes on the eve of the bankruptcy filing, Complaint @ 28. The nexus between the trust and the funds paid is established because the Withholding Taxes were voluntarily paid to the government and identified as trust fund tax payments to avoid liability to the Debtors' officers and directors. Complaint @ 30.

The Begier ruling has been relied upon by Delaware courts to insulate other transfers from avoidance. For example, in In re Lenox Healthcare, Inc., 343 B.R. 96 (Bankr. D. Del. 2006), a chapter 11 trustee sought, inter alia, to avoid and recover certain transfers made to an insurance company. The defendant/insurance company maintained that the transfers were not avoidable because they were comprised of payroll deductions and employer contributions, and were not property of the debtor's estate. Relying on Begier, the Bankruptcy Court dismissed a portion of the Complaint ("[b]ecause property a debtor holds in trust for another is not property of the estate, transfers of such property cannot be avoided" citing Begier). Lenox Healthcare at 100. See also City of Farrell v. Sharon Steel Corporation, 41 F.3d 92 (3d Cir. 1994), the Court of Appeals for the Third Circuit, relying on Begier, held that certain withheld income taxes were not property of the estate.

C.  *The Bankruptcy Court's Decision*

In its Memorandum Opinion, the bankruptcy court denied the Motion for Judgment on the Pleadings and ruled that the "property [Withholding Taxes]" belonged to the Debtors and is, therefore, potentially recoverable." **Exhibit B** at p. 13. The Bankruptcy Court apparently reached this conclusion because "the Debtors never collected or withheld any money from Bhatnager [Appellant], [and therefore] no . . . trust could have been created." Id.

The bankruptcy court's finding is incorrect and inapposite to the holding in Begier. In Begier, AIA paid the FICA tax from its general operating account and the Supreme Court held that such funds were not property of AIA, a trust was created in favor of the government and the requisite nexus between the trust and the funds paid was

11

established simply because the payment was voluntary. The Supreme Court in <u>Begier</u> reached that conclusion because it found that "the act of 'collecting' occurs <u>at the time of payment</u>", <u>Begier</u> at 60 (<u>emphasis added)</u>, which, in the present case, occurred at the time the Debtors collected the funds and paid the government on the eve of its bankruptcy filing. The res of the trust was identified by the Debtors on the eve of the bankruptcy when they identified and voluntarily paid the Withholding Taxes as trust fund taxes to avoid personal liability to the Debtor's officers and directors.

## CONCLUSION

For the reasons set forth above, Appellant respectfully requests that this Court reverse the bankruptcy court's November 23, 2005 Order, and remand the case to the bankruptcy court for further proceedings, or provide such other and further relief that the Court deems appropriate.

Respectfully submitted this 5th day of March, 2007.

DUANE MORRIS LLP

_____
Frederick B. Rosner (# 3995)
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
Tel: (302) 657-4900
Fax: (302) 657-4901

*Counsel to Appellant, Neeraj Bhatnagar*