# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| U.S. WIRELESS CORPORATION, INC., WIRELESS LOCATION TECHNOLOGIES, INC., and WIRELESS LOCATION SERVICES, INC. | ) Case Nos. 01-10262 through ) 01-10264 (PJW) ) ) Jointly Administered |
| Debtors. | ) ) |
| _____ | ) |
| | ) |
| THE LIQUIDATING TRUST OF U.S. WIRELESS CORPORATION, INC., WIRELESS LOCATION TECHNOLOGIES, INC., and WIRELESS LOCATION SERVICES, INC., | ) ) ) ) ) ) |
| | ) |
| Plaintiff, | ) ) |
| v. | ) Adv. Proc. No. 03-55654 (PJW) ) |
| NEERAJ BHATNAGAR, | ) ) |
| Defendant. | ) ) |

MEMORANDUM OPINION

Frederick B. Rosner
Jaspan Schlesinger Hoffman LLP
913 Market Street, 12th Floor
Wilmington, DE 19801

Counsel to Defendant

Joanne B. Wills
Jennifer L. Scoliard
Klehr, Harrison, Harvey
Branzburg & Ellers LLP
919 Market Street
Wilmington, DE 19801-3062

Counsel to The Liquidating
Trust of U.S. Wireless
Corporation, et al.

Dated: November 23, 2005

D.I. _____ 28
Dated: _____ 11/23/05

2

Walsh, J.

In this adversary proceeding, defendant Neeraj Bhatnagar's ("Bhatnagar") motion (Adv. Doc. # 17) seeks judgment on the pleadings dismissing plaintiff Liquidating Trust of U.S. Wireless Corporation, Inc.'s ("Liquidating Trust") complaint. For the reasons set forth below, the defendant's motion for judgment on the pleadings will be denied.

### BACKGROUND

On August 29, 2001, U.S. Wireless Corporation, Inc., Wireless Location Technologies, Inc., and Wireless Location Services, Inc. (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").[1]  On April 9, 2003, the Debtors filed their Second Amended Consolidated Chapter 11 Plan of Liquidation (the "Plan"). On June 10, 2003, this Court confirmed the Plan and it became effective on June 25, 2003. Under the Plan, the estates of U.S. Wireless Corporation, Wireless Location Services, Inc., and Wireless Location Technologies, Inc. were substantively consolidated and pursuant to the Plan all causes of action of the Debtors were transferred to the Liquidating Trust.

---

[1] Individual sections of the Bankruptcy Code will be cited herein as "§ ___".

Prior to the petition, the Debtors were in the business of developing a technology to locate mobile telephone subscribers by recognizing patterns of radio waves radiating from a subscriber's handset. (Adv. Doc. #1 ¶ 6). To further this business and to provide an incentive to key employees, the Debtors entered into agreements with various employees affording them an opportunity to purchase a proprietary interest in the Debtors. (Adv. Doc. #1 ¶ 13). Specifically, these proprietary interests included stock options or restricted stock or both. Bhatnagar participated in this program and signed an incentive agreement, which granted him certain stock options. (Adv. Doc. #1 ¶ 13). During fiscal year 1999, Bhatnagar exercised those stock options. (Adv. Doc. # 1 ¶ 17).

According to the complaint, Bhatnagar realized taxable income by exercising the options, but the Debtors failed to properly deduct withholding taxes from that income. (Adv. Doc. # 1 ¶ 18). On August 28, 2001, realizing their apparent mistake, the Debtors paid on behalf of Bhatnagar withholding taxes in the amount of $80,474.29. (Adv. Doc. # 1 ¶¶ 18, 28).

In October or November of 2001, the Debtors wrote a letter to Bhatnagar stating that a recent audit of the Debtors revealed that the companies had failed to withhold taxes in connection with his option transactions. (Adv. Doc. #1 ¶ 18). The letter also indicated that as a result of this failure, the Debtors

4

had amended Bhatnagar's Form W-2 for the years 1999 or 2000 or both. (Adv. Doc. # 1 ¶ 19). The letter further relayed that the Debtors had remitted the withholding taxes due but that Bhatnagar was the person responsible for the tax obligations. (Adv. Doc. # 1 ¶¶ 20, 21).

Bhatnagar did not reimburse the Debtors for Debtors' payment of his tax obligations. (Adv. Doc. # 1 ¶ 27). As a result, on August 28, 2003, the Liquidating Trust filed this adversary proceeding alleging claims of unjust enrichment, breach of contract, and fraudulent transfer under federal and state law.

## DISCUSSION

<u>Standard Of Review</u>

After the pleadings are closed, a party may move for judgment on the pleadings under Rule 12(c). FED. R. CIV. P. 12(c).[2] At this stage, however, a party may still move under Rule 12(b)(6) for failure to state a claim. FED. R. CIV. P. 12(h)(2) ("[a] defense of failure to state a claim . . . may be made . . . by a motion for judgment on the pleadings . . . ."). Thus, "[w]hether the motion is before the court as a [Rule] 12(b)(6) motion or a [Rule] 12(c) motion, the same standards will apply to the resolution . . . regardless of which type of motion is used." <u>Finch v. Hercules, Inc.</u>, 809 F. Supp. 309, 310 (D. Del. 1992) (quotations and citation

---

[2]Federal Rule of Civil Procedure 12 is applicable to matters in bankruptcy pursuant to Federal Rule of Bankruptcy Procedure 7012.

omitted). "In fact, any distinction between them is merely semantic because the same standard applies to motions made under either subsection." 2-12 MOORE'S FEDERAL PRACTICE § 12.38 (Matthew Bender 3d ed.) (citations omitted); see, e.g., Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991)(applying the same standard as Rule 12(b)(6)).

"Under Fed. R. Civ. P 12(c), as under Rule 12(b)(6), the trial court must view the facts in the pleadings in the light most favorable to the plaintiff and must grant the motion only if the moving party establishes that no material issues of fact remains and that it is entitled to judgment as a matter of law." Shelly v. Johns-Manville Corp., 798 F.2d 93, 97 n.4 (3d Cir. 1986) (citation omitted). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000) (quotations and citation omitted). Further, the court should not grant the motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 2 L.Ed.2d 80, 84, 78 S.Ct. 99, 102 (1957).

As discussed below, Bhatnagar has not shown that the Liquidating Trust's claims fail as a matter of law. The Liquidating Trust has pleaded sufficient facts to state a claim for unjust enrichment, breach of contract, and fraudulent transfer

6

under both state and federal law.   (Adv. Doc. #1 ¶¶ 32-70).   The issue here is not whether the Liquidating Trust will ultimately prevail on these claims, but only whether the plaintiff may put on evidence to support them.   <u>Maio v. Aetna, Inc.</u>, 221 F.3d at 482.

<u>Unjust Enrichment</u>

Bhatnagar argues that the Liquidating Trust cannot prove unjust enrichment because: first, the Liquidating Trust will not be able to prove that it made the transfer to the taxing authorities, (Adv. Doc. # 18, p. 3), second, the receipt of the transfer and "its application for the benefit of the Defendant is belied by the IRS Notice of Overpayment," (Adv. Doc. # 21, p. 6), third, the defendant paid his own taxes,   (Adv. Doc. # 18, p. 3), and fourth, the Bankruptcy Code preempts the Liquidating Trust's claim of unjust enrichment, (Adv. Doc. # 18, p. 10).

The first contention states that the Liquidating Trust will ultimately not be able to prove that it made the transfer to the taxing authorities.   Whether the Liquidating Trust will ultimately be able to prove this is a factual question not properly resolved on a motion for judgment on the pleadings. At this stage, this Court must accept the factual allegations contained in the complaint as true.  <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73, 81 L. Ed. 2d 50, 65, 104 S. Ct. 2229, 2232 (1994).   The complaint alleges that on August 28, 2001 "the Debtors paid on behalf of the Defendant, the Withholding Taxes . . . ." (Adv. Doc. # 1 ¶ 28).   As

such, the Liquidating Trust is entitled to put on evidence to prove this fact. Bhatnagar's assertion that such evidence will not, in the end, convince the fact finder is insufficient at this stage of the case.

The second contention, similarly, is not an appropriate means for resolving a motion for judgment on the pleadings. That contention asserts that a Notice of Overpayment issued by the IRS would tend to contradict the Liquidating Trust's allegation that the IRS received the transfer and that it applied the transfer to Bhatnagar's obligations. (Adv. Doc. # 18, p. 9). However, the Notice of Overpayment does not even reference Bhatnagar. (Adv. Doc. # 18, Exh. C). Thus, the notice cannot foreclose the Liquidating Trust's claim because the supposed overpayment could be with respect to withholding obligations of other employees. This, again, goes to the weight of the evidence and is insufficient to warrant a judgment on the pleadings.

In addition, Bhatnagar states that "the Internal Revenue Service has no record of that the alleged $80,474.29 ever was paid to the IRS or, more significantly, that it was received on behalf of and credited to Defendant." (Adv. Doc. # 18, pp. 7-8). Bhatnagar furnishes no documentation in support of that assertion. On a motion for judgment on the pleadings, this naked assertion cannot be given any weight.

The third contention is that Bhatnagar paid his own tax obligations.  In support of this position, Bhatnagar has produced copies of his tax returns showing the computation and payment of taxes based upon his sale of the stock that he purchased pursuant to the options.  As noted below, this information raises a tax law question not addressed by either party.  In any event, contrary to this assertion, the complaint states that "at no time did Defendant pay directly to the IRS, appropriate state agency or the Debtors, the Withholding Taxes . . . ."  (Adv. Doc. # 1 ¶ 27).  As stated, the Liquidating Trust's allegations must, at this stage, be accepted as true.

Finally, Bhatnagar's fourth contention asserts that  §  546(e) of the Bankruptcy Code preempts the Liquidating Trust's unjust enrichment claim.   On its face, that section has no application to the instant matter.  See 11 U.S.C. § 546(e).  Thus, Bhatnagar is not entitled to judgment as a matter of law on the claim of unjust enrichment.

Breach Of Contract

The Liquidating Trust also alleges sufficient grounds to support a claim of breach of contract.  In an attempt to rebut this, Bhatnagar repeats many of the contentions rejected above. Bhatnagar, however, also raises an additional argument specific to the breach of contract claim.

9

That argument asserts that the Option Agreement requires the Debtors, and not the employee, to pay all taxes associated with the issuance of the option.    Bhatnagar claims that this would include all income tax obligations.    (Adv. Doc. # 18, pp. 10-11). To support this, Bhatnagar points to Paragraph 4 of the Option Agreement, which provides as follows:

> Issuance of Certificates. Upon the exercise of the Option, the issuance of certificates for the Common Stock shall be made forthwith (and in any even within three (3) business days thereafter) without charge to the Optionee including, without limitation, any tax which may be payable in respect of the issuance thereof; however, the Company shall not be required to pay any tax which may be payable in respect of any transfer involved in the issuance and delivery of any such certificates in a name other than that of the Optionee and the Company shall not be required to issue of deliver such certificates unless or until the person or persons requesting the issuance thereof shall have paid to the Company the amount of such tax or shall have established to the satisfaction of the Company that such tax has been paid.

(Adv. Doc. # 18, Exh. E, pp. 1-5).    In response, the Liquidating Trust argues that the Option Certificate (rather than the Option Agreement) requires the Debtors to pay all charges relating to the transfer of the Option Certificate, except taxes.    (Adv. Doc. # 23, Exh. A, p. 5).    The Option Certificate reads as follows:

10

> Upon due presentment for registration of
> transfer of this Option certificate at any
> office or agency of the Company, a new Option
> Certificate of Option Certificates of like
> tenor and evidencing in the aggregate a like
> number of shares of Common Stock underlying
> the Option shall be issued to the
> transferee(s) in exchange for this Option
> Certificate, subject to the limitations
> provided herein and in the Option Agreement,
> without any charge except for any tax or other
> governmental charge imposed in connection with
> such transfer.

(Adv. Doc. # 18, Exh. E, pp. 6-7). From the above cited provisions, the Liquidating Trust concludes that the Option Agreement and the Option Certificate conflict and that there is a genuine issue of material fact in dispute, which is not properly resolved on this motion.   (Adv. Doc. # 23, Exh. A, p. 5).

This Court respectfully disagrees with both the Liquidating Trust's and Bhatnagar's interpretations. The provision in the Option Agreement relates to the initial issuance of stock upon the exercise of the option, whereas the provision in the Option Certificate talks about the registration of a transfer of the Option Certificate.  In other words, the Option Agreement discusses the issuance of stock certificates, while the Option Certificate relates to a transfer of the option itself.  The complaint does not allege any tax liability arising out of the transfer of the option; thus, contrary to the Liquidating Trust's assertion, the above provision in the Option Certificate does not apply.

11

Similarly, the Court refuses to accept Bhatnagar's interpretation of the Option Agreement.  Although the provision in the Option Agreement applies to the issuance of common stock, it cannot be read to apply to income tax obligations arising out of that issuance.  The Option Agreement states that the issuance of the certificates of common stock will be made free of charge to the optionee.  The provision includes taxes which "may be payable in respect of the issuance thereof."  It seems clear that this clause does not contemplate income tax liabilities.  Rather, the Court reads both the Option Agreement and Option Certificate to simply refer to federal, and perhaps state, stock transfer taxes.

    Avoidance And Recovery Actions

In addition, the Liquidating Trust alleges sufficient grounds to avoid and recover the transfer under state and federal fraudulent transfer laws.  Bhatnagar argues that the Liquidating Trust's avoidance and recovery actions must fail as a matter of law because of the reasons rejected above.  Also, Bhatnagar adds that the Liquidating Trust cannot recover the transfer because the property transferred does not constitute property of the estate. (Adv. Doc. # 18, pp. 11-12).

Bhatnagar cites to Begier v. United States IRS, 878 F.2d 762 (3d Cir. 1989) aff'd 496 U.S. 53, 110 S. Ct. 2258, 110 L. Ed. 2d 46 (1990), for the proposition that the Liquidating Trust's claims must fail because the funds transferred were not the

12

property of the Debtors. Bhatnagar reasons that withholding taxes are necessarily trust fund taxes. As such, the property belonged to Bhatnagar or the IRS, and not the Debtors. (Adv. Doc. # 18, pp. 11-12).

Although Begier is similar to the instant matter in that it involves the payment of withholding taxes, the two are quite different. In Begier, the debtor had already collected the money from the employee. In contrast, the Debtors, in this case, allegedly never collected any funds from Bhatnagar. (Adv. Doc. # 1 ¶ 27). Nonetheless, Bhatnagar suggests that it is the act of paying the withholding taxes that makes the obligation a trust fund tax obligation; the fact that the employer never collected the payment is supposedly irrelevant. (Adv. Doc. # 21, p. 2). Begier does not support such an interpretation, however. "Assume that a debtor owes an employee $ 100 for salary on which there is required withholding of $ 20. If the debtor paid the employee $ 80, there has been $ 20 withheld. If, instead, the debtor paid the employee $ 85, there has been withholding of $ 15 (which is not property of the debtor's estate in bankruptcy)." Begier, 496 U.S. at 61 (quoting S. REP. No. 95-1106, at 33 (1978). It follows that if the debtor paid the employee $ 100, there has been no withholding (or a balance of $ 0, which is not property of the debtor's estate in bankruptcy).

13

Moreover, the Internal Revenue Code provision that would create the applicable trust reads as follows:

> Whenever any person is required to collect or withhold any internal revenue tax from any other person and to pay over such tax to the United States, <u>the amount of tax so collected or withheld shall be held to be a special fund in trust for the United States</u>.

28 U.S.C. § 7501 (emphasis added). Thus, the statute's own terms limit the trust to the amount so "collected or withheld." Since the Debtors never collected or withheld any money from Bhatnagar, no such trust could have been created. The property belonged to the Debtors and is, therefore, potentially recoverable.

### CONCLUSION

Bhatnagar's naked assertions that the allegations contained in the complaint are wrong as a matter of fact cannot be credited. Likewise, Bhatnagar's argument that the Liquidating Trust will ultimately not be able to prove the allegations is premature. The Liquidating Trust has set forth facts sufficient to support its claims. Bhatnagar's contention that the withholding taxes were not property of the estate is rejected. Similarly, Bhatnagar's defense that the § 546(e) somehow preempts the unjust enrichment claim is without merit.

Before concluding, it is worth noting that some of the disputed issues may arise from a misunderstanding as to when the taxable events occurred. Neither party addresses this tax law issue. The complaint takes the position that the taxable events

14

occurred in 1999, when Bhatnagar exercised the options. (Adv. Doc.
# 1 ¶ 22). In contrast, Bhatnagar implicitly takes the position
that the taxable events occurred only when he sold the stock, and
not at the time he exercised the options. (Adv. Doc. # 18, p.7).
A yet to be presented analysis of the underlying tax laws may
sharpen the issues. At present, however, Bhatnagar has failed to
rebut the factual allegations of the complaint. Thus, the Court
will deny Bhatnagar's motion for judgment on the pleadings.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re:                                    ) Chapter 11
                                          )
U.S. WIRELESS CORPORATION,                ) Case Nos. 01-10262 through
INC., WIRELESS LOCATION                   ) 01-10264 (PJW)
TECHNOLOGIES, INC., and                   )
WIRELESS LOCATION SERVICES,               ) Jointly Administered
INC.                                      )
                Debtors.                  )
                                          )
_____       )
                                          )
THE LIQUIDATING TRUST OF                  )
U.S. WIRELESS CORPORATION,                )
INC., WIRELESS LOCATION                   )
TECHNOLOGIES, INC., and                   )
WIRELESS LOCATION SERVICES,               )
INC.,                                     )
                                          )
                Plaintiff,                )
                                          )
        v.                                ) Adv. Proc. No. 03-55654 (PJW)
                                          )
NEERAJ BHATNAGAR,                         )
                                          )
                Defendant.                )

## ORDER

For the reasons set forth in the Court's memorandum
opinion of this date, the defendant Neeraj Bhatnagar's motion
(Adv. Doc. # 17) for judgment on the pleadings is DENIED.

Peter J. Walsh
United States Bankruptcy Judge

Dated: November 23, 2005

D.I. _29_
Dated: _11/23/05_