# EXHIBIT C

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| U.S. WIRELESS CORPORATION, INC., | : | Case No. 01-10262 |
| WIRELESS LOCATION | : | through 01-10264 (PJW) |
| TECHNOLOGIES, INC., AND WIRELESS | : | |
| LOCATION SERVICES, INC., | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | |
| THE LIQUIDATING TRUST OF U.S. | : | |
| WIRELESS CORPORATION, INC., | : | |
| WIRELESS LOCATION | : | |
| TECHNOLOGIES, INC., AND WIRELESS | : | |
| LOCATION SERVICES, INC., | : | Adversary Proceeding No. 03- _____ |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| NEERAJ BHATNAGAR, | : | |
| | : | |
| Defendant. | : | |

### COMPLAINT FOR TURNOVER AND RECOVERY OF TRANSFERS

Plaintiff, the Liquidating Trust (the "Liquidating Trust") of U.S. Wireless Corporation, Inc., Wireless Location Technologies, Inc. and Wireless Location Services, Inc. (collectively, the "Debtors") by and through its undersigned attorneys, hereby makes and files this its complaint, and shows as follows:

### JURISDICTION

1.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

DEL1 52962-1

D.I. _____
Dated: 8/28/03

2.  Venue of these cases and this adversary proceeding in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4.  The statutory predicates for the relief requested herein are sections 105, 542, 548 and 550 of the Bankruptcy Code and Cal. Code §§ 3439.04, 3439.07 and 3439.08(b).

## BACKGROUND

5.  On August 29, 2001 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

6.  Prior to the Petition Date, the Debtors developed a network-based proprietary technology to locate mobile telephone subscribers by recognizing the pattern of the radio waves radiating from a subscriber's handset. Since the Petition Date, the sole focus of the Debtors' chapter 11 proceeding has been to liquidate the assets of the Debtors' estates.

7.  On April 9, 2003, the Debtors filed their Second Amended Consolidated Chapter 11 Plan of Liquidation (the "Plan") under which the Debtors proposed to transfer all remaining assets of their estates to the Liquidating Trust.

8.  On June 10, 2003, this Court entered an order (the "Confirmation Order") confirming the Second Amended Consolidated Chapter 11 Plan of Liquidation of the Debtors. Pursuant to the Plan and Confirmation Order, the Debtors' estates were substantively consolidated which resulted in a single entity consisting of the combined assets and liabilities of

U.S. Wireless Corporation, Wireless Location Services, Inc. and Wireless Location Technologies, Inc. The Plan became effective on June 25, 2003 (the "Effective Date").

9. Pursuant to the Plan and Confirmation Order, upon the Effective Date, all rights, title and interest of the Debtors in all remaining assets, including causes of action, were transferred to the Liquidating Trust.

10. Executive Sounding Board Associates, Inc. was appointed pursuant to the Plan and Confirmation Order as Liquidating Agent for the Liquidating Trust. Article VIII of the Plan and Article III of the Liquidating Trust Agreement grant the Liquidating Agent authority to pursue all causes of actions of the Debtors.

## THE PARTIES

11. Plaintiff is a Delaware corporation, with its principal place of business located in Wilmington, Delaware.

12. Defendant is Neeraj Bhatnagar (the "Defendant"), a former employee of the Debtors who may be served with process at 2539 Buena Vista Avenue, Walnut Creek, CA 94596.

## FACTUAL ALLEGATIONS

13. In order to provide an incentive to key management employees whose services were important to the success of the Debtors, the Debtors entered into agreements with various employees, officers and directors, including Defendant, (the "Incentive Agreements") affording them an opportunity to acquire a proprietary interest in the Debtors. These proprietary interests served as additional compensation to employees, officers and directors who received them.

3

DEI 1-52962-1

14. Under these Incentive Agreements, certain employees, officers and directors, including Defendant, were given stock options (the "Stock Options") and/or restricted shares (the "Restricted Shares" and together with the Stock Options, collectively referred to as the "Stock Rights").

15. Under the Internal Revenue Code ("IRC"), the receipt of the Restricted Stock and/or the exercise of the Stock Options are taxable events, requiring the recipient to pay, and the Debtors to withhold, applicable federal income, social security and Medicare taxes, and applicable State income tax (collectively, the "Withholding Taxes") on the difference between the fair market value of the stock on the date of the grant and the amount paid for the Stock.

16. Thus, Defendant was responsible for the payment of Withholding Taxes due in regard to the receipt of shares under his Stock Rights.

17. In fiscal year 1999, Defendant Bhatnagar exercised 23,333 of his Stock Options and received $12,500.00 in Restricted Stock, which caused him to earn $221,038.69 in additional income, and incur approximately $61,890.83 in federal income taxes, $2,116.08 in social security, $3,205.06 in Medicare, and $13,262.32 in State income taxes. The tax consequences for Defendant is set forth in Defendant's W-2 Form attached hereto and incorporated herein as Exhibit "A".

18. In October or November of 2001, the Debtors issued a letter (the "Letter") to Defendant advising him that a recent audit of the Debtors revealed that the Debtors' former management failed to report and withhold the Withholding Taxes in connection with the Restricted Stock and/or Stock Option transactions of certain employees, officers and directors, including Defendant.

4

DEL1 52962-1

19. The Letter provided that as a result of this failure, the Debtors had amended the Defendant's Form W-2 for the years 1999 and/or 2000 to reflect the amount of Withholding Taxes that were to be reported and withheld by the Debtors.

20. The Letter further provided that in addition to amending the Defendant's Form W-2, the Debtors also remitted the Withholding Taxes due.

21. Finally, the Letter provided that although the Withholding Taxes were paid by the Debtors, Defendant was responsible for the full tax obligation incurred as to his receipt of Restricted Stock and/or exercise of Stock Options. Thus, the Debtors now had a claim against Defendant for the recovery of the Withholding Taxes paid on Defendant's behalf.

22. Defendant's receipt of Restricted Stock and/or his exercise of his Stock Options were taxable events under the IRC.

23. As a result of receiving the Restricted Stock and/or exercising his Stock Options, Defendant received additional income that was subject to Withholding Taxes.

24. Defendant is individually responsible for payment of his respective Withholding Taxes.

25. At the time the Restricted Stock was received and/or the Stock Options were exercised, the Debtors did not withhold the Withholding Taxes due for Defendant.

26. At the time the Restricted Stock was received and/or the Stock Options were exercised, Defendant did not pay the Withholding Taxes due thereon.

27. Upon information and belief, at no time did Defendant pay directly to the IRS, appropriate state agency or the Debtors, the Withholding Taxes due on Defendant's receipt of Restricted Stock and/or exercise of his Stock Options.

28. Rather, on or about August 28, 2001, the day before the Debtors filed for bankruptcy protection, the Debtors paid on behalf of Defendant, the Withholding Taxes, and all penalties and interests thereon as to the Restricted Stock received and/or the Stock Options exercised by Defendant.

29. The total amount of Withholding Taxes, penalties and interest paid by the Debtors on behalf of Defendant was approximately $80,474.29.

30. The Debtors paid the Withholding Taxes on the eve of bankruptcy in order to avoid any liability to the Debtors' officers and directors.

31. At the time the Withholding Taxes were paid, the Debtors were insolvent.

## COUNT I
## UNJUST ENRICHMENT

32. Plaintiff realleges and reaffirms paragraphs 1 through 31, as fully set forth above.

33. The Debtors paid the Withholding Taxes that were the personal liability of Defendant.

34. Defendant was required to remit to the Debtors the amount of the Withholding Taxes paid on Defendant's behalf as a result of Defendant's receipt of Restricted Stock and/or the exercising of Defendant's Stock Options.

6

DEL1 52962 1

35. Payment of the Withholding Taxes on behalf of Defendant was made to the detriment of the Debtors and their creditors, and diminished the assets available to creditors by the amount of such payment.

36. As a result of the Debtors' payment of these Withholding Taxes, Defendant was relieved of his personal liability to pay the Withholding Taxes and as such received additional unauthorized compensation to which Defendant was not entitled.

37. As a result of the payment of the Withholding Taxes, money that would have been available for the benefit of the Debtors' creditors was used for the benefit of Defendant.

38. The obligation to pay the Withholding Taxes arising from the receipt of the Restricted Stock and/or exercise of the Stock Options belongs to the person receiving or exercising such Stock Rights. Therefore, because the Debtors paid the Defendant's Withholding Taxes, Defendant owes the amount of said taxes back to the Debtors since the Debtors did not have an independent obligation to pay the Defendant's Withholding Taxes.

39. Based on the foregoing, Defendant was unjustly enriched in the aggregate amount of $80,474.29.

40. The principles of equity require Defendant pay to the Debtors' estates the amount of the Withholding Taxes (including penalties and interest) paid to the various taxing authorities on Defendant's behalf, the benefit of which Defendant wrongly received and which rightfully belongs to the Debtors' creditors.

WHEREFORE, Plaintiff respectfully requests the Court enter an order for a judgment against Defendant:

A.  requiring Defendant to pay to the Plaintiff the amount of the Withholding Taxes (including penalties and interest) paid by the Debtors on Defendant's behalf, plus interest at the legal rate from August 28, 2001 to the date of the entry of judgment herein;

B.  awarding the costs of suit herein;

C.  awarding interest after judgment at the maximum legal rate until the date the judgment is paid; and

D.  granting such other and further relief as the Court deems just and proper.

## COUNT II
## BREACH OF CONTRACT

41. Plaintiff realleges and reaffirms paragraphs 1 through 40 as fully set forth above.

42. Defendant's Incentive Agreement was a contract between the Debtors and Defendants whereby Defendant would receive a proprietary interest in the Debtors in exchange for Defendant's services to the Debtors.

43. Defendant had a contractual duty under the Incentive Agreement to pay the Debtors for any Withholding Taxes paid on Defendant's behalf as to Defendant's receipt of Restricted Stock or exercise of Stock Options.

44. Defendant did not remit the amount of the Withholding Taxes to the Debtors.

45. The failure of Defendant to remit the amount of the Withholding Taxes Defendant owed to the Debtors constituted a breach of the Incentive Agreement.

46. Based upon Defendant's breach of the Incentive Agreements, Plaintiff is entitled to damages in the amount of the Withholding Taxes (plus penalties and interest) paid on Defendant's behalf.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendant:

A. awarding Plaintiff and requiring Defendant to immediately pay the amount of the Withholding Taxes (including penalties and interests) paid on Defendant's behalf, plus interest at the legal rate from August 28, 2001 to the date of entry of judgment herein;

B. awarding the costs of suit herein;

C. awarding interest after judgment at the maximum legal rate until the date the judgment is paid; and

D. granting such other and further relief as the Court deems appropriate.

## COUNT III
## AVOIDANCE AND RECOVERY OF
## FRAUDULENT TRANSFERS UNDER 11 U.S.C. §§ 548 AND 550

47. Plaintiff realleges and reaffirms paragraphs 1 through 46 as fully set forth above.

48. Payment of the Withholding Taxes on behalf of Defendant was a transfer of the Debtors' interest in property.

49. The payment of the Withholding Taxes by the Debtors was for the benefit of Defendant.

50. The Debtors received less than reasonably equivalent value in exchange for the payment of Defendant's Withholding Taxes.

51. Since the Withholding Taxes were paid the day before the Petition Date, the Debtors were presumed insolvent on the date the payment of the Withholding Taxes was made.

52. At the time the Debtors paid the Withholding Taxes, the Debtors were engaged in a business or transaction, or were about to engage in a business or transaction, for which any property remaining with the Debtors would amount to an unreasonably small amount of capital.

53. At the time the Debtors paid the Withholding Taxes, the Debtors intended to incur, or believed that they would incur, debts that would be beyond the Debtors' ability to pay as such debts matured.

54. The Debtors paid the Withholding Taxes on or within the one-year period immediately preceding the Petition Date.

55. The Debtors were not required to pay Defendant's Withholding Taxes, as the liability for payment of the Withholding Taxes lied with Defendant as to the Restricted Stock Defendant received and/or Stock Options Defendant exercised.

56. Because the Debtors did not have an independent responsibility to pay Defendant's Withholding Taxes, the payment thereof was made solely for the benefit of Defendant.

57. Based upon the foregoing, the payment by the Debtors of the Withholding Taxes constitutes an avoidable transfer under § 548(a)(1)(B) of the Bankruptcy Code.

58. Because the Debtors paid the Withholding Taxes for the benefit of Defendant, Plaintiff is entitled to recover the amount of Withholding Taxes (including penalties and interests) paid on behalf of Defendant under § 550(a) of the Bankruptcy Code.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendant:

A. avoiding the payment of the Withholding Taxes as a benefit to Defendant, pursuant to § 548(a)(1)(B) of the Bankruptcy Code;

B. granting to Plaintiff and requiring Defendant to immediately pay the amount of the Withholding Taxes (including penalties and interests) paid on his behalf, pursuant to § 550(a) of the Bankruptcy Code, plus interest at the legal rate from August 28, 2001 to the date of entry of judgment herein;

C. awarding the costs of suit herein;

D. awarding interest after judgment at the maximum legal rate until the date the judgment is paid; and

E. granting such other and further relief as the Court deems appropriate.

### COUNT IV
### AVOIDANCE AND RECOVERY OF FRAUDULENT
### TRANSFERS UNDER CAL. CODE §§ 3439.04, 3439.07 AND 3439.08(b)

59. Plaintiff realleges and reaffirms paragraphs 1 through 58 as fully set forth above.

60. Payment of the Withholding Taxes on behalf of Defendant was a transfer of the Debtors' interest in property.

11

DB1.1 52962-1

61. The payment of the Withholding Taxes by the Debtors was for the benefit of Defendant.

62. The Debtors received less than reasonably equivalent value in exchange for the payment of Defendant's Withholding Taxes.

63. Since the Withholding Taxes were paid the day before the Petition Date, the Debtors were presumed insolvent on the date the payment of the Withholding Taxes was made.

64. At the time the Debtors paid the Withholding Taxes, the Debtors were engaged in a business or transaction, or were about to engage in a business or transaction, for which any property remaining with the Debtors would amount to an unreasonably small amount of capital.

65. At the time the Debtors paid the Withholding Taxes, the Debtors intended to incur, or believed that they would incur, debts that would be beyond the Debtors' ability to pay as such debts matured.

66. The Debtors paid the Withholding Taxes on or within the one-year period immediately preceding the Petition Date.

67. The Debtors were not required to pay Defendant's Withholding Taxes, as the liability for payment of the Withholding Taxes lied with Defendant as to the Restricted Stock Defendant received and/or Stock Options Defendant exercised.

68. Because the Debtors did not have an independent responsibility to pay Defendant's Withholding Taxes, the payment thereof was made solely for the benefit of Defendant.

69. Based upon the foregoing the payment by the Debtors of the Withholding Taxes constitutes an avoidable transfer under Cal. Code § 3439.04.

70. Because the Debtors paid the Withholding Taxes for the benefit of Defendant, Plaintiff is entitled to recover the amount of Withholding Taxes (including penalties and interests) paid on behalf of Defendant under Cal. Code §§ 3439.07 and 3439.08(b).

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendant:

A. avoiding the payment of the Withholding Taxes as a benefit to Defendant, pursuant to Cal. Code § 3439.04.

B. granting to Plaintiff and requiring Defendant to immediately pay the amount of the Withholding Taxes (including penalties and interests) paid on his behalf, pursuant to Cal Code §§ 3439.07 and 3439.08(b), plus interest at the legal rate from August 28, 2001 to the date of entry of judgment herein;

C. awarding the costs of suit herein;

D. awarding interest after judgment at the maximum legal rate until the date the judgment is paid; and

[This space intentionally left blank]

E.  granting such other and further relief as the Court deems appropriate.

This 28th day of August, 2003.        Respectfully submitted,

KLEHR HARRISON HARVEY
BRANZBURG & ELLERS LLP

*(signature)*

Joanne B. Wills (#2357)
Jennifer L. Scoliard (#4147)
919 Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone: (302) 426-1189
Facsimile: (302) 426-9193

Counsel for the Liquidating Trust

14

# EXHIBIT A

AUG 19 2003 10:45AM  HP LASERJET 3200

*(Form W-2c, rotated sideways on page — Corrected Wage and Tax Statement, tax year 1999/W-2)*

- a Year/Form corrected: 1999/W-2
- b Employer's name, address, and ZIP code:
  BHATNAGAR, NEERAJ
  2535 BUENA VISTA AVE
  WALNUT CREEK, CA 94596
- d Employee's correct SSN: 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
- e Employer's name, address, and ZIP code:
  US WIRELESS CORPORATION
  2303 CAMINO RAMON STE 200
  SAN RAMON, CA 94583
- f Employer's Federal EIN: 13-3704059
- g Employer's state I.D. no.: 425-0124-7

| Form W-2 box | (a) As previously reported | (b) Correct Information | (c) Increase (decrease) |
|---|---|---|---|
| 1  Wages, tips, other comp. | 34876.13 | 255914.82 | 221038.69 |
| 2  Federal income tax withheld | 6194.10 | 68084.93 | 61890.83 |
| 3  Social security wages | 38469.48 | 72602.00 | 34132.52 |
| 4  Social security tax withheld | 2385.12 | 4501.20 | 2116.08 |
| 5  Medicare wages and tips | 38469.48 | 259508.17 | 221038.69 |
| 6  Medicare tax withheld | 557.82 | 3762.88 | 3205.06 |
| 7  Social security tips | | | |
| 8  Allocated tips | | | |
| State wages, tips, etc. | 34876.13 | 255914.82 | 221038.69 |
| State income tax | 1480.98 | 14743.30 | 13262.32 |

Form W-2c (Rev. 1-98)

p. 4