IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| U.S. WIRELESS CORP., et al., | : | Case No. 01-10262 (CSS) |
| | : | |
| Debtors. | : | |
| | : | |
| NEERAJ BHATNAGAR, | : | Civil Action No. 06-21 (GMS) |
| | : | |
| Appellant, | : | |
| | : | **Oral Argument Requested** |
| v. | : | |
| | : | |
| LIQUIDATING TRUST OF U.S. WIRELESS CORP., et al., | : | |
| | : | |
| Appellee. | : | |

## REPLY BRIEF OF APPELLANT, NEERAJ BHATNAGAR

DUANE MORRIS LLP
Frederick B. Rosner (DE 3995)
1100 N. Market Street
Suite 1200
Wilmington, DE 19801
(302) 657-4900
(302) 657-4901
Email: fbrosner@duanemorris.com

*Counsel to Appellant Neeraj Bhatnagar*

## TABLE OF CONTENTS

**Page**

Reply ............................................................................................................................................1

DM3 506832.1

## TABLE OF AUTHORITIES

**Page**

*City of Farrell v. Sharon Steel Corporation*, 41 F.3d 92 (3d Cir. 1994)..........................1

*Begier v. IRS*, 496 U.S. 53, 100 S. Ct. 2258, 110 L. Ed. 46 (1990) ................................1

Neeraj Bhatnagar files this Reply Brief as Appellant, and is referred to herein as Appellant or Defendant. The Liquidating Trust of U.S. Wireless Corporation, Inc., Wireless Location Technologies, and Wireless Location Services, Inc. is referred to herein as Plaintiff or Appellee.

**REPLY**

Plaintiff argues that the funds transferred were property of the estate pursuant to section 541(a) of the Bankruptcy Code. This argument fails for at least two reasons. First, the Complaint itself acknowledges that the funds remitted were <u>withholding taxes</u> and that the Debtors remitted the "Withholding Taxes on the eve of the bankruptcy in order to avoid any liability to the Debtors' officers and directors." Complaint @ ¶15 and 30. The cases are legion that withholding taxes are trust fund taxes and therefore <u>not</u> property of the debtor's estate. <u>See, e.g., City of Farrell v. Sharon Steel Corporation</u>, 41 F.3d 92 (3d Cir. 1994). <u>Second</u>, the Supreme Court's decision in <u>Begier</u> v. <u>IRS</u>, 496 U.S. 53, 100 S. Ct. 2258, 110 L. Ed. 46 (1990) directly addresses the issue whether federal withholding taxes constitute property of the debtor's estate or are assets belonging to a trust. The Supreme Court ruled that "[t]he courts are directed to apply 'reasonable assumptions' to govern the tracing of funds ... and ... one such assumption ... [is] that <u>any voluntary prepetition payment of trust-fund taxes out of the debtor's assets is not a transfer of the debtor's property</u>." <u>Id.</u> at *67 (<u>emphasis added</u>). The Complaint freely acknowledges the foregoing and the reasonable assumption is met. Plaintiff admits that the amounts remitted were federal withholding taxes, voluntarily remitted to the IRS to avoid personal liability to the Debtors' directors and officers. <u>See</u> Complaint at ¶¶15 and 30.

Plaintiff also argues that Defendant is unable to establish that a "trust relationship" existed between the Debtors and the Defendant and that "the Debtors never withheld any monies from the Defendant to hold in trust as withholding taxes to be paid over to the IRS . . . ."

Answering Brief at p. 9. Plaintiff's argument misses its mark. The relationship that the relevant case law explores is not between the Debtors and the Defendant as Plaintiff contends. Answering Brief at p. 9. Defendant only need show that there is some connection or nexus between the "§ 7501 trust and the assets sought to be applied to a debtor's trust-fund obligations." Begier at *65. The nexus is readily met here because Plaintiff freely acknowledges in its Complaint that it remitted the funds pursuant to the Internal Revenue Code to satisfy withholding tax obligations and avoid personal liability to the Debtors' directors and officers. Complaint at ¶¶15 and 30. Begier makes clear that "[c]ommon-law tracing rules, designed for a system in which particular property is identified as the trust res, are thus unhelpful in this special context." Begier at *62-63 (emphasis added). For withholding taxes, the federal statute "creates a trust in an abstract 'amount' -- a dollar figure not tied to any particular assets -- rather than in actual dollars withheld." Id. at *62.

Plaintiff seeks to distinguish the Begier case because, according to Plaintiff, "the Debtors never withheld any funds from the Defendant's compensation." Answering Brief at p. 12. This is not correct. Consistent with the ruling in Begier, the funds were deemed withheld or collected at the time of payment because the Debtors specifically remitted and identified the funds as trust fund taxes. Begier specifically holds "that the act of 'collecting' occurs at the time of payment . . ." Id. at *60.

Finally, Plaintiff's bald assertion that Defendant never paid his tax obligation is simply incorrect. Defendant has paid any amount owing to the taxing authorities in full and has filed under seal a copy of his relevant tax return. To the contrary, Defendant disputes that the Debtors paid any portion of Defendant's tax obligation. While the Debtors allege they paid in excess of $1 million to avoid personal liability for their directors and officers, Plaintiff has not, and can

not, prove that such payment was in fact applied by the taxing authorities in any manner that benefited the Defendant.

Respectfully submitted this 23rd day of April, 2007.

                                    **DUANE MORRIS LLP**

                                    Frederick B. Rosner (# 3995)
                                    1100 North Market Street, Suite 1200
                                    Wilmington, DE 19801-1246
                                    Tel: (302) 657-4900
                                    Fax: (302) 657-4901

                                    *Counsel to Appellant, Neeraj Bhatnagar*